ISAAC H. TRABUE, ETC., *v.* FRANKLIN LANDER, ETC.

**Mines and Minerals—Restoration of Leased Property—Condition of Property.**

The lessees in a mining lease were held to have restored the mine to the lessor in a more valuable condition than they were obliged to do under the terms of the lease.

**Appeal—Reversal—Substantially Correct Judgement.**

The Court of Appeals will not reverse a judgment which is substantially correct, for the purpose of giving the appellant nominal damages and taxing the appellee with the cost of the litigation.

APPEAL FROM McLEAN CIRCUIT COURT.

April 12, 1873.

OPINION BY JUDGE LINDSAY:

This court has heretofore expressed the opinion that what was termed the main entry into the lower coal bank was valueless as a means of communication with, or route by which to reach the sup-

posed coal deposits in Lead Creek valley, and that the destruction of a portion of this entry inflicted upon appellants no loss whatever, to the extent that they desire its preservation for the purpose stated.

A reconsideration of the case has not shaken our confidence in the correctness of said conclusions. The language of that stipulation in the contract alleged to have been violated is: "The parties of the second part also bind themselves to preserve the main entry in what is known as the lower bank by leaving pillars on each side sufficient to support the same, and leave it open  With this exception the parties of the second part have the right to draw, and reserve all the pillars and mine all the coal from the lands of the parties of the first part."

It is evident that this exception was made for the purpose of preserving the entry, and not on account of the value of the coal in the pillars supporting the earth above it. The contract did not require these pillars to be left intact. Appellees were merely to leave pillars sufficient to preserve the entry or passway.

A compliance with the terms of their contract would have left appellants in possession not only of the valueless passway but of the unused coal in the pillars. A portion of this coal was mined by appellees, and it is insisted that inasmuch as it was mined and carried off in violation of the contract they ought to be compelled to account for its value.

Upon the first hearing of this cause we were inclined to adopt this view, but upon more mature consideration we are compelled to reject it. This action is for the recovery of the actual damages sustained, by reason of the alleged breach of contract. There is no such state of case set up in the petition as would authorize a jury under any character of proof to award punitive damages. Appellants according to their own pleading are entitled only to be compensated for the losses actually sustained by them.

It is clearly and conclusively shown that appellees did not exercise this right to draw and remove all the pillars and mine all the coal from the lands of appellants, except sufficient pillars to support the main entry.

Upon the contrary they restored the mine to appellants in a much more valuable condition than they had the right under the contract to demand. At most appellees violated merely the letter of their contract. In its spirit and meaning the covenants were more than performed.

Under such circumstances the question arises, whether when the parties waive a jury, and agree that the actions shall be tried by the court without the intervention of a jury in all respects as if it were an action in equity, except that witnesses may be examined orally, this court should not reverse because the tribunal selected by the parties failed to award to appellants nominal damages? We have been referred to no case in which a judgment substantially correct, has been reversed for the mere purpose of giving to the appellants nominal damages, and taxing the appellee with the cost of the litigation. In the absence of a precedent, requiring such actions upon the part of this court we are not inclined to inaugurate the practice in this case. Feeling assured that the substantial rights of appellants were not prejudiced by the judgment of the circuit court the same is *affirmed*.

## RESPONSE TO PETITION FOR REHEARING.

### May 21, 1873.

OPINION BY JUDGE LINDSAY:

This court did not decline to reverse the judgment of the circuit court for want of precedents determining that the costs of an action follow the judgment, but because we had been referred to no case in which a judgment substantially correct had been reversed for the mere purpose of giving the appellant nominal damages and taxing the appellees with the costs of the litigation.

The delivery of the opinion having relieved counsel from any feelings of delicacy as to the performance of what had theretofore seemed to them "an unnecessary and an unbecoming labor," the court had the right to expect in their petition for a rehearing that they would refer it to some authority upon a question about which it had candidly admitted its want of information. In this reasonable expectation we have been disappointed. The cases cited settle only that the costs must follow the judgment.

They follow the judgment in this case, and one of the grounds relied on for reversal is the fact that they do follow it.

The facts of this case have been twice considered. We have no reason to believe that further argument will change the con-

clusion last reached. The petition for a rehearing must therefore be overuled.

*Bullitt & Harris, for appellants.*

*Williams, for appellees.*